**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE HOWARD, | ) NO. CV 15-1473-RSWL(E) |
| Petitioner, | ) |
| v. | ) ORDER OF DISMISSAL |
| MR. DAVE DAVEY, | ) |
| Respondent. | ) |

On March 2, 2015, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" ("the Petition"). The Petition challenges a criminal judgment in Pomona Superior Court case number KA058224-01 (Petition at 2). Petitioner previously challenged this same criminal judgment in a prior habeas corpus petition filed in this Court. See Howard v. Runnels, CV 05-7403-AHM(E). On August 16, 2006, this Court entered Judgment in Howard v. Runnels, CV 05-7403-AHM(E), denying and dismissing the prior petition on the merits with prejudice.

///

///

1 The Court must dismiss the present Petition in accordance with
2 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
3 Effective Death Penalty Act of 1996"). Section 2244(b) requires that
4 a petitioner seeking to file a "second or successive" habeas petition
5 first obtain authorization from the Court of Appeals. See Burton v.
6 Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive
7 authorization from Court of Appeals before filing second or successive
8 petition, "the District Court was without jurisdiction to entertain
9 [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.
10 2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
11 requires the permission of the court of appeals before 'a second or
12 successive habeas application under § 2254' may be commenced"). A
13 petition need not be repetitive to be "second or successive," within
14 the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v.
15 Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965
16 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal.
17 Mar. 6, 2008). Petitioner evidently has not yet obtained
18 authorization from the Ninth Circuit Court of Appeals (see Petition,
19 p. 7-8).[1] Consequently, this Court cannot entertain the present
20 Petition. See Burton v. Stewart, 549 U.S. at 157; Remsen v. Att'y
21 Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a
22 petitioner fails to obtain authorization from the Court of Appeals to
23 file a second or successive petition, "the district court lacks

---

[1] The Court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, available on the PACER database. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). The Ninth Circuit's docket does not show that any individual named Lawrence Howard has obtained any order from the Ninth Circuit permitting the filing of a second or successive habeas petition in this Court.

1  jurisdiction to consider the petition and should dismiss it.")
2  (citation omitted).
3
4     For all of the foregoing reasons, the Petition is denied and
5  dismissed without prejudice.
6
7     LET JUDGMENT BE ENTERED ACCORDINGLY.
8
9        DATED: March 20, 2015.
10
11                          RONALD S.W. LEW
                     _____
12                          RONALD S.W. LEW
                     UNITED STATES DISTRICT JUDGE
13
14 PRESENTED this 9th day of
15 March, 2015, by:
16
17 _____/S/_____
           CHARLES F. EICK
18 UNITED STATES MAGISTRATE JUDGE
19
20
21
22
23
24
25
26
27
28

3